IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Allen Hagood, #123067,<br><br>                    Petitioner,<br><br>v.<br><br>Warden Early,<br><br>                    Respondent. | C/A No.: 2:24-cv-03668-SAL<br><br><br>**ORDER** |

      John Allen Hagood ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 19, 2024. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be summarily dismissed without prejudice. [ECF No. 4.] Petitioner filed objections to the report on July 30, 2024, ECF No. 7.[1] This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

**BACKGROUND**

      As outlined in the Report, this is a successive § 2254 action. Petitioner was convicted of first-degree burglary and grand larceny in 2011 in state court. He received a sentence of life without parole. He timely appealed and then sought post-conviction relief, but he was unsuccessful in state court. Then, in October 2015, Petitioner filed a § 2254 petition in this court. His petition was dismissed. *See Hagood v. Cartledge*, Case No. 2:15-cv-4163-RBH.

---

[1] Petitioner inquired about the status of his objections on December 13, 2024, and on April 7, 2025. [ECF Nos. 9, 12.] Along with his April 7th letter, Petitioner included a copy of his initial objections, which are addressed below.

1

Petitioner now attempts to bring a second § 2254 petition in this court. He requests the court "vacate [his] illegal life sentence" and grant him a new trial. [ECF No. 1 at 15.] Petitioner grounds this petition on his claim that "law enforcement lacked reasonable suspicion" to execute and "prolong" the "traffic stop" and search that led to his 2011 convictions.

## LEGAL STANDARDS

The applicable standards for habeas relief are properly set forth in the report, and the court incorporates those standards herein.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I

object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. As detailed there, Petitioner has filed a successive § 2254 petition, but he has not obtained the necessary permission from the Fourth Circuit Court of Appeals to do so. [ECF No. 4 at 5.] The Report correctly notes this court has no jurisdiction to consider the merits of Petitioner's successive habeas corpus claims without the required authorization. *Id.; see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). Petitioner lacks the necessary authorization not for lack of trying, but because this exact authorization was requested and denied by the Fourth Circuit. [ECF No. 1-2 at 14.]

Petitioner objects to the Report.[2] In his objections, he raises new issues of double jeopardy and a right to an evidentiary hearing. [ECF No. 7 at 2.] But these objections do not address the fatal flaw identified in the Report—the absence of Fourth Circuit authorization. *Id.* Because Petitioner has not received authorization to file a successive § 2254 petition, the court has no

---

[2] Petitioner initially filed his objections in the form of an appeal to the Fourth Circuit, and the Fourth Circuit properly abstained from further action, directing Petitioner to this court for review of his objections. [ECF No. 7-4 at 3.]

jurisdiction to consider the merits of the successive habeas claim and must dismiss this case without prejudice. Accordingly, the court overrules Petitioner's objections and adopts the recommendation in the Report.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 4, is **ADOPTED** in its entirety, and the petition is **DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

April 25, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make the required showing.